1

2

3

4

5

6

7

8                                  UNITED STATES DISTRICT COURT

9                            FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   BRENT LEE HARDING,                              No.  2:15-cv-1364 CKD P

12                  Plaintiff,

13          v.                                       ORDER

14   SCOTT R. JONES, et al.,

15                  Defendants.

16

17          Plaintiff is a county jail inmate proceeding pro se.  Plaintiff seeks relief pursuant to 42

18   U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. §

19   1915.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. §

20   636(b)(1).

21          Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C.

22   §1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

23          Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§

24   1914(a), 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the

25   initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.

26   Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding

27   month's income credited to plaintiff's prison trust account.  These payments will be forwarded by

28   the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account

1

1   exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

2       The court is required to screen complaints brought by prisoners seeking relief against a

3   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

4   court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

5   "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

6   monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

7       A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

8   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

9   Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

10  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

11  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

12  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

13  Cir. 1989); Franklin, 745 F.2d at 1227.

14      In order to avoid dismissal for failure to state a claim a complaint must contain more than

15  "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause

16  of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words,

17  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

18  statements do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  When considering

19  whether a complaint states a claim upon which relief can be granted, the court must accept the

20  allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the complaint

21  in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

22      Plaintiff alleges that, since being confined at the Rio Consumnes Correctional Center in

23  April 2015, he has repeatedly told medical staff of his allergy to polypropylene glycol, a

24  commonly-used preservative in food.  (ECF No. 1 at 3.)  It causes him to suffer massive

25  headaches and nausea.  (Id.)  Unnamed medical staff have responded, "Too bad.  Don't eat then."

26  (Id.)  Plaintiff asserts that this violates his Eighth Amendment rights.  He seeks monetary

27  damages.  (Id.)

28      In his brief complaint, plaintiff names as defendants Sacramento County Sheriff Scott

2

1   Jones and jail "medical staff."  As to Jones, supervisory personnel are generally not liable under

2   §1983 for the actions of their employees under a theory of respondeat superior and, therefore,

3   when a named defendant holds a supervisorial position, the causal link between him and the

4   claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858,

5   862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S.

6   941 (1979).  Plaintiff has not alleged a causal link between Jones and any constitutional violation.

7          Insofar as plaintiff seeks to sue the jail itself, "municipalities and other local government

8   units ... [are] among those persons to whom § 1983 applies."  Monell v. Dept. of Soc. Servs., 436

9   U.S. 658, 690 (1978).  However, a municipal entity or its departments is liable under § 1983 only

10  if plaintiff shows that his constitutional injury was caused by employees acting pursuant to the

11  municipality's policy or custom.  See Villegas v. Gilroy Garlic Festival Association, 541 F.3d

12  950, 964 (9th Cir. 2008) (citing Monell, 436 U.S. at 690–94).  Plaintiff has not alleged that any

13  jail employee acted pursuant to a policy or custom that violates his federal constitutional rights.

14         Plaintiff's complaint must be dismissed for failure to state a claim.  However, plaintiff

15  will be granted leave to file an amended complaint.

16         If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions

17  complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v.

18  Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how

19  each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there

20  is some affirmative link or connection between a defendant's actions and the claimed deprivation.

21  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980);

22  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory

23  allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of

24  Regents, 673 F.2d 266, 268 (9th Cir. 1982).

25         In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to

26  make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

27  complaint be complete in itself without reference to any prior pleading.  This is because, as a

28  general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

3

F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

longer serves any function in the case.  Therefore, in an amended complaint, as in an original

complaint, each claim and the involvement of each defendant must be sufficiently alleged.

      In accordance with the above, IT IS HEREBY ORDERED that:

      1.  Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

      2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  All fees

shall be collected and paid in accordance with this court's order to the Sheriff of Sacramento

County filed concurrently herewith.

      3.  Plaintiff's complaint is dismissed.

      4.  Plaintiff is granted thirty days from the date of service of this order to file an amended

complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil

Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number

assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and

two copies of the amended complaint; failure to file an amended complaint in accordance with

this order will result in a recommendation that this action be dismissed.

Dated:  July 10, 2015

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 / hard1365.14.new